**TRINIDAD FOUNDRY AND FABRICATING, LTD.,**
Plaintiff,

v.

**M/V KAS CAMILLA, her engines, tackle, appurtenances, etc., in rem, and K/S KASMI in personam, and K. Arnesen Shipping A/S in personam, Defendants.**

**No. 90–2555–CIV.**

United States District Court,
S.D. Florida.

March 28, 1991.

## ORDER

SPELLMAN, District Judge.

THIS CAUSE comes before the Court Upon Defendant, K/S KASMI's ("Kasmi"), Motion for Security on Counterclaim.

### Background

Plaintiff/Counterdefendant, Trinidad Foundry and Fabricating, Ltd., a provider of vessel repair services and necessaries, brought this action against Defendants/Counterplaintiffs, the M/V KAS Camilla (the "Vessel"), Kasmi, and K. Arnesen Shipping A/S ("Arnesen"), to recover for repairs and necessaries provided to the Vessel. Plaintiff alleges that on May 24, 1990, Plaintiff completed repairs and provided other necessaries (collectively, the "repairs") to the Vessel at the request of Defendants pursuant to a Tender, including stated conditions thereof (the "Repair Contract"), dated March 22, 1990. The Repair Contract, though dated March 22, 1990, was executed in writing by Defendants authorized representative on May 31, 1990.

Plaintiff contends that by letter dated May 24, 1990, Mr. Kjell Arnesen, an officer and authorized representative of Defendants, confirmed Defendants' monetary liability to Plaintiff. Plaintiff further alleges that on May 31, 1990, Defendants' authorized representative executed Plaintiff's Notice of Repairs Satisfactorily Completed,

confirming that the repairs performed by Plaintiff to the Vessel had been completed and releasing Plaintiff from any liability that might arise pursuant to the Repair Contract. Plaintiff contends that notwithstanding Defendants' release of Plaintiff from any liability, Defendants have refused to pay to Plaintiff $131,111.44 that Defendants owe to Plaintiff.

On November 9, 1990, the Vessel was arrested pursuant to an *in rem* action filed by Plaintiff. Defendants opened a letter of credit in the amount of $225,000, in favor of Plaintiff on November 21, 1990, to secure the release of the vessel. Conditioned on the opening of the letter of credit, Plaintiff stipulated to the release of Defendant Vessel in substitution of monies deposited with the Court as security on its claim.

On December 17, 1990, Defendants filed a Counterclaim against Plaintiff. Defendants allege that Plaintiff performed the repairs, which are the subject of this action, in a negligent and defective manner. Defendants further contend that Plaintiff's negligent repairs resulted in serious damage to the Vessel and forced an emergency drydocking and subsequent repairs at Jacksonville, Florida. Additionally, Defendants allege that Plaintiff failed to perform the repairs in a careful, skillful, and workmanlike manner, thereby breaching an implied warranty that said repairs would be so performed. Finally, Defendants assert that Defendants entered into a contract with Plaintiff to perform drydocking services and various repairs to the Vessel. Defendants contend that Plaintiff failed to perform said repair work in accordance with the contract entered into between the parties, thereby breaching said contract. In the instant Motion, Defendants move for security on these Counterclaims.

*Discussion*

Rule E(7), Supplemental Rules for Certain Admiralty and Maritime Claims, provides in pertinent part:

**Security on Counterclaim.** Whenever there is asserted a counterclaim arising out of the same transaction or occurrence with respect to which the action was originally filed, and the defendant or claimant in the original action has given security to respond in damages, any plaintiff for whose benefit such security has been given shall give security in the usual amount and form to respond in damages to the claims set forth in such counterclaim, unless the court, for cause shown, shall otherwise direct; and proceedings on the original claim shall be stayed until such security is given, unless the court otherwise directs.

■ The purpose of Rule E(7) is to ensure that the parties are placed on equal ground with respect to security. *Washington–Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co.*, 263 U.S. 629, 638–39, 44 S.Ct. 220, 223, 68 L.Ed. 480 (1924) (construing former admiralty rule 53). To facilitate this objective, district courts are afforded broad discretion to determine whether, and in what amount, countersecurity shall be posted.[1] *Aframl Lines Int'l, Inc. v. M/V Capetan Yiannis*, 905 F.2d 347, 349 (11th Cir.1990). The United States Court of Appeals for the Eleventh Circuit has articulated several considerations that guide a district court's inquiry into the propriety of countersecurity.

■ Initially, a district court should hesitate to order countersecurity if the plaintiff does not seek to release its property from the Counterplaintiff's custody. *Id.;* see also 7A J. Moore, *Moore's Federal*

---

**1.** The United States Court of Appeals for the Fifth Circuit elaborated on the purpose of Rule E(7):

The rule is straightforward when the defendant posts security to guaranty payment of an adverse judgment—typically the posting of a vessel—the complainant may be required to furnish security for the satisfaction of a counterclaim. Although the language of the rule is automatic it is not absolute, for the original

seizing complainant may be excused by the court "for cause shown." Absent this relief by the court, the intent of the rule is manifest: It is "to place the parties on an equality as regards security." *Washington–Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co.*, 263 U.S. 629, 44 S.Ct. 220, 68 L.Ed. 480 (1924).

*Titan Navigation, Inc. v. Timsco, Inc.*, 808 F.2d 400, 403 (5th Cir.1987).

*Practice* E–738 (2d ed. 1983) ("Compelling the posting of any security by a party who has no property whose release he is attempting to secure is contrary to our judicial system."). Furthermore, the Court should determine whether the Counterplaintiff could initially have brought its claim *in rem* or *quasi in rem*. Where the Counterplaintiff could not have proceeded in this manner, a bond larger than is required in the original action, should not be required on the Counterclaim. *Afram Lines, supra,* at 349. Finally, the Court should consider, if applicable, Plaintiff's financial ability to provide countersecurity and whether the Counterclaim is frivolous in nature. *Id.* at 349–50.

■ Plaintiff argues that, as a threshold matter, Defendant has not adequately established that its Counterclaim arose out of the same transaction or occurrence as Plaintiff's original claim. The Undersigned disagrees. Plaintiff brought the instant action against Defendants' for Kasmi's nonpayment to Plaintiff of funds for services performed in repairing the Vessel. Defendants' Counterclaims allege damage to the vessel as a result of Plaintiff's negligence, breach of warranty, and breach of contract in repairing the Vessel. This Court finds, without engaging in a protracted analysis of the law in this area, that the present facts clearly indicate that Kasmi's Counterclaims arose out of the same transaction or occurrence as Plaintiff's original claims. Consequently, this Court must examine the substance of Kasmi's arguments in support of its Motion for Security on Counterclaims.

■ Kasmi argues that the plain language of Rule E(7) requires Plaintiff to post a bond or other security on the Counterclaims filed in this action. The Court is not persuaded by Defendant's reasoning in this regard. Rule E(7) mandates the posting of countersecurity in the instant unless the Court, for cause shown, directs otherwise. In the present case, Defendants' authorized representative executed Plaintiff's Notice of Repairs Satisfactorily Completed, confirming that the repairs performed by Plaintiff to the Vessel had been satisfactorily completed. The Undersigned believes that this fact alone indicates that Defendants' Counterclaims may be frivolous, and constitutes sufficient cause shown to remove the presumption of countersecurity dictated by Rule E(7). The Court would like to note parenthetically that this preliminary determination of the nature of Defendants' Counterclaims is germane only to the instant determination of the posting of countersecurity. It in no way speaks to the merits of Defendants' Counterclaims and has no *res judicata* or collateral estoppel effect.

Furthermore, Plaintiff in the case at bar does not seek to release its property from Counterplaintiff's custody. Consequently, this Court must be reluctant to require Plaintiff to post countersecurity. *Id.* at 349. Upon careful review of the record, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion for Security on Counterclaim is DENIED.

DONE AND ORDERED.

